```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/30/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Alejandro Mejia,

                              Plaintiff,

        -against-

Warden Carter et al.,

                            Defendants.

1:21-cv-09049 (AT) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

       On February 8, 2022, the Court entered an Order requiring Plaintiff to file an amended pleading no later than March 14, 2022. (2/8/2022 Order, ECF No. 12.) The amended pleading was to name the individual defendant previously identified as "Captain John Doe" based on information provided to Plaintiff by the City of New York on February 7, 2022. (*See id.*; *see also* Order of Service, ECF No. 7; Cert. of Service of Response to Valentin Order, ECF No. 11). Although Plaintiff filed an Amended Complaint on February 8, 2022 (*see* ECF No. 13), that pleading appears to have been filed prior to Plaintiff receiving the necessary information from the City (or the Court's Order from the same day) and does not name the Doe defendant.

       Accordingly, it is hereby Ordered that the deadline for Plaintiff to file an amended pleading is extended until April 27, 2022. If Plaintiff fails to do so, the Court will proceed with the Amended Complaint (ECF No. 13) as the operative pleading. Plaintiff is warned, however, that failure to name the Doe defendant may result in a recommendation to the District Judge that his claims against the Doe defendant be dismissed. *See, e.g., Dellutri v. Doe*, No. 11-CV-04396 (GBD) (GWG), 2012 WL 4714764, at *1 (S.D.N.Y. Oct. 2, 2012) (dismissing without prejudice for failure

to comply with order to amend complaint to name Doe defendants and failing to serve them in accordance with Federal Rule of Civil Procedure 4(m)).[1]

According to the New York City Department of Correction website, Plaintiff is now housed at Otis Bantum Correctional Center. Plaintiff is reminded that, if he wishes to pursue this case, it is his responsibility to keep the Court informed of any changes in his address. *See Alomar v. Recard*, No. 07-CV-05654 (CS) (PED), 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all pro se plaintiffs.").

The Clerk of Court is respectfully requested to update Plaintiff's address to: Otis Bantum Correctional Center, 16-00 Hazen Street, East Elmhurst, NY 11370 and to mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

DATED:    New York, New York
          March 30, 2022

_____
STEWART D. AARON
United States Magistrate Judge

---

[1] Moreover, Plaintiff's claims against the Doe defendant may be time barred if Plaintiff fails to name the Doe defendant within the limitations period. *See, e.g., Vasquez v. Lazar*, No. 15-CV-08845 (KMK), 2019 WL 1988576, at *7 (S.D.N.Y. May 6, 2019) ("[Where] . . . a plaintiff has been specifically instructed by the court to file an amended complaint naming identified Doe defendants and the plaintiff fails to do so, courts hold that an untimely amendment does not relate back, regardless of whether the defendants were on notice of the potential suit.").